### No. 12,342.

POSTAL TELEGRAPH CABLE COMPANY OF LOUISIANA VS. MORGAN'S LOUISIANA & TEXAS RAILROAD AND STEAMSHIP COMPANY.

Act. No. 124 of 1880 gives the right to construct a telegraph line over a railroad's right of way.

The acts of Congress of 1866 and 1872 are on the same subject and give the right to construct a line of telegraph, under certain conditions, along and over the right of way of railroads. The State law is subordinate to these acts, but may be resorted to for condemnation and compensation.

Doctrine as to damages awarded by the jury in condemnation cases in case of Telegraphic Cable Company vs. Railway Company (43 An. 522) affirmed.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

---

*Farrar, Jonas & Kruttschnitt* and *J. H. McLeary* for Plaintiff, Appellant.

---

*Denêgre, Blair & Denêgre* for Appellant.

---

Argued and submitted December 17, 1896.
Opinion handed down January 4, 1897.

---

The opinion of the court was delivered by

MCENERY, J. The plaintiff corporation, organized under the laws of Louisiana, instituted this suit to obtain the condemnation of the property of the defendant corporation, necessary for the operation of its line of telegraph over the right of way of the defendant corporation.

There was an exception of no cause of action filed.

The ground of the exception is that Act 124 of 1880 does not authorize the construction of a telegraph line over the right of way

of the defendant corporation; that said act only authorizes the construction parallel to and beyond the right of way, as the right of way is essential to the proper and successful operation of the railroad, and that the construction of telegraph lines would, by multiplication of wires, interfere with the running of trains, and the possible falling of poles would endanger the safety of trains.    The act authorizes the construction of telegraph lines along and parallel to any of the railroads in this State.    It does not state how far they shall be from the railroad, but there is a *proviso* that there shall be, by the construction of the lines of telegraph, no obstruction in the way of the operation of the railroad.    If the location of the line is too near the road, the pleadings in this case do not warrant us in passing upon this fact.    The question presented, first, is there authority in said act for the use of a part of the right of way to construct said plaintiff's line; and second, the amount of compensation to be awarded the defendant.

So far as the location of the telegraph line over defendant's right of way is at issue, the act of Congress of July, 14, 1866, provides " that any telegraph company now organized, or which may be hereafter organized under the laws of any State of the Union, shall have the right to construct, maintain and operate lines of telegraph over and along any of the military or post roads of the United States, which have been or may hereafter be declared such by act of Congress, provided said lines shall not be so constructed as to interfere with travel on such roads, and provided also: " that before any telegraph company shall exercise any of the powers or privileges conferred by this act such company shall file its written appearance with the Postmaster General of the restrictions and obligations required by this act."    Congress in 1872 declared all the railroads in the country which are now or may hereafter be in operation, post roads.    The plaintiff corporation has filed its appearance and acceptance of the provisions of the act of 1866.    The defendant contends that as the plaintiff is proceeding under act of 1880, he must be confined to its provisions.    But the act of Congress is paramount, so far as location or the right of way is concerned, and the act of 1880 is auxiliary to it, and provides for the method of condemnation and compensation.    The act of Congress of 1866 authorizes no compulsory process.    Pensacola Telegraph Co. vs. Western Union. Telegraph Company, 96 U. S. 1.    Hence the necessity of resorting to State process for condemnation and compensation.

On the merits we find some difficulty in arriving at a satisfactory conclusion as to the amount which should be awarded the defendant for the ·use of the right of way. The inconvenience which the defendant may experience is controverted. It is asserted by plaintiff's witnesses that the establishment of the telegraph line will cause no inconvenience to defendant, but, on the contrary, will be an advantage. This, defendant's witnesses deny, and we believe with them that inconveniences may occur, and additional burdens may be imposed upon defendant. But we have no means of ascertaining the amount of damage in money that would be inflicted upon defendant. This inconvenience is an element, however, to go into the general estimate. The lands may, along defendant's right of way, be of peculiar or particular value for specific purposes, but we do not understand that they are now devoted to these purposes. The plaintiff must, however, make compensation proportionately for the cost and expense of defendant in putting in condition the right of way. It can not avail itself of improved conditions without compensation. The construction of plaintiff's line will occupy a right of way of defendant of some ten feet, with its cross pieces on poles.

We do not care to disturb the verdict of juries in case like the instant one without manifest injustice is done in either underestimating or the giving of excessive awards.

Telegraph Cable Co. vs. Railway Co., 43 An. 522.

We are of the opinion that the jury returned a verdict substantially correct.

Judgment affirmed.